UNITED STATES DISTRICT COURT    O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6867-CAS (Ex) | Date | September 9, 2013 |
|---|---|---|---|
| Title | OCEANS II INC ET AL. V. SKINNERVISION INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Aris Karakalas | Not Present |

**Proceedings:**   **PLAINTIFFS MOTION FOR DEFAULT JUDGMENT**
(filed August 2, 2013)

On August 8, 2012, plaintiffs Oceans II, Inc, Sonny Gunther, and Debra Kennard filed suit against defendants Kevin Skinner ("Skinner") and Skinnervision, Inc. ("Skinnervision"). In brief, plaintiffs' complaint alleges that Skinner, through his company Skinnervision, agreed to produce a movie with plaintiffs and then failed to make the movie. Plaintiffs' complaint alleges breach of contract claims against Skinnervision, and fraud claims against Skinner.

On August 2, 2013, plaintiffs moved for default judgment on their fraud claims against Skinner. These fraud claims allege that "Skinner repeatedly told [plaintiffs] that he intended to fund the Film. . . . The funding did not take place." Mot. 17. Because funding the film was a key component of the contract between plaintiffs and Skinnervision, plaintiffs are essentially alleging that Skinner fraudulently promised them that Skinnervision would follow through on the contract.

The Court finds that recovery on these fraud claims is barred by the doctrine of double recovery. The Court previously granted default judgment against defendant Skinnervision on plaintiffs' claims for breach of contract. Dkt. 20. Awarding plaintiffs a second recovery against Skinner for the same failure to produce a movie that supports their contract claims against Skinnervision would give plaintiffs an improper double recovery. See, e.g., Ross v. Ross, 2002 WL 1824959 (Cal. Ct. App. Aug. 8, 2002) ("[T]he contract and fraud causes of action

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6867-CAS (Ex) | Date | September 9, 2013 |
|---|---|---|---|
| Title | OCEANS II INC ET AL. V. SKINNERVISION INC ET AL. | | |

in her complaint are essentially based on the same facts . . . . [R]ecovery is thus 'limited by the rule against double recovery.'" (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 649 (1996))); Sorayama v. Robert Bane Ltd. Inc., 380 F. App'x 707, 709 (9th Cir. 2010) ("We therefore vacate the awards for breach of contract, conversion, and breach of fiduciary duty, and remand for the district court to adjust the awards to the extent that Sorayama's tort and contract recoveries may be duplicative."). Given that Skinner cannot now assert a claim for fraud, there is no basis for an award of punitive damages, and the request for punitive damages is also denied.

At oral argument, held on September 9, 2013, plaintiffs clarified that they were not attempting to seek a double recovery. Instead, plaintiffs aver that the purpose of their motion for default is to hold Skinner jointly liable for the previous default judgment against Skinnervision because Skinnervision is defunct. Plaintiffs further suggested at oral argument that Skinner is an alter ego of Skinnervision. If Skinner is an alter ego of Skinnervision, then Skinner would be jointly and severally liable for the default judgment already entered on the breach of contract claims against Skinnervision.

At present, however, the Court lacks information showing that Skinner is in fact an alter ego of Skinnervision. Accordingly, plaintiffs are directed to, on or before September 20, 2013, submit further documentation showing that Skinner is an alter ego or successor in liability to Skinnervision, and thus should be held jointly and severally liable on the default judgment previously entered against Skinnervision.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | C MJ |