UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Patricia Gomez | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Anthony Strauss | Not Present |

**Proceedings:**   MOTION TO AMEND DEFAULT JUDGMENT TO ADD KEVIN SKINNER AS AN ADDITIONAL JUDGMENT DEBTOR (Dkt. No. 66, filed June 18, 2015)

## I.   INTRODUCTION & BACKGROUND

On August 9, 2012, plaintiffs Oceans II, Inc. ("Oceans"), Sonny Michel Gunther ("Gunther"), and Debra Kennard ("Kennard") filed the instant lawsuit against defendants Skinnervision, Inc., Kevin Skinner ("Skinner"), and Does 1 through 10. Dkt. No. 1. The underlying dispute arose out of a failed attempt to make a motion picture titled "The Italy Boys," which was written by author and comedian Frank Roche ("Roche"). See generally Compl. & Dkt. No. 27-2. Roche declares that in March 2011, Skinner agreed to fund the film in the amount of $8,800,000. Dkt. No. 27-2 ¶ 2. Skinner, as CEO of Skinnervision, Inc., signed a memorandum of understanding to this effect, bearing an effective date of March 7, 2011. Dkt. No. 27 Ex. 2. The film was to be directed by Gunther and produced by Kennard. Compl. ¶ 1. Plaintiffs contend that beginning in September 2011, Skinner "repeatedly" told them that he had secured the funds required to make the film. Id.; see also Dkt. No. 66 Ex. C ¶¶ 9, 10; Dkt. No. 66 Ex. D ¶¶ 7, 9. On November 18, 2011, Skinner signed on behalf of Skinnervision, Inc. a "director deal memo" whereby Skinnervision, Inc. engaged Oceans to furnish Gunther's directing services in connection with the film and prevent Gunther from taking competing employment during a specified period. Compl. Ex. A. at 1. This agreement contemplated a guaranteed director fee of $900,000, which Skinnervision, Inc. was to pay in full if production had not started by a certain date. Id.; Dkt. No. 66 Ex. C ¶¶ 3–5. Skinner also allegedly entered into an oral contract with Kennard to provide production services at a rate of $9,000 per week for thirteen weeks, plus fringe benefits. Compl. ¶ 1; Dkt. No. 66 Ex. D. ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

   The contemplated start date came and went, and Gunther and Kennard forwent other employment opportunities and performed significant work on the film project, but the promised funding never materialized and production never started. Compl. ¶ 1; Dkt. No. 66 Ex. C ¶¶ 5–6, 12–13; Dkt. No. 66 Ex. D ¶¶ 5–8, 12. On February 15, 2015, Skinner signed another memorandum of understanding as CEO of Skinnervision, Inc., this time committing $12 million to fund the film. Dkt. No. 27 Ex. 5. The deadline for payment under that memorandum of understanding passed in May 2012, still with no funding. Dkt. No. 27-2 ¶ 11. Neither Gunther nor Kennard were ever paid.

   As noted above, this lawsuit was filed on August 9, 2012. Oceans alleged claims for breach of contract, fraud, and negligent misrepresentation; Gunther raised claims for fraud and negligent misrepresentation; and Kennard alleged claims for breach of contract, fraud, negligent misrepresentation, violations of California and federal labor laws, and quantum meruit. Dkt. No. 1. The summons and complaint were served on Skinner—as an individual and as registered agent for service of Skinnervision, Inc.—on August 20, 2012. Dkt. Nos. 5, 6. On September 17, 2012, Skinner filed an answer in his individual capacity. Dkt. No. 7.

   Skinnervision, Inc. never appeared in this action, and on October 29, 2012, the Clerk of Court entered default against that entity. Dkt. No. 11. On February 28, 2013, plaintiff filed a motion to enter a default judgment against Skinnervision, Inc.. Dkt. No. 15. The Court held a hearing on that motion on April 8, 2013; no defendant or defense counsel appeared at that hearing. Dkt. No. 19. On April 9, 2013, the Court granted judgment against Skinnervision in the amount of $1,103,527.89 in favor of Oceans, and in the amount of $46,153.80 in favor of Kennard. Dkt. No. 20.

   On May 20, 2013, the Court held a scheduling conference. No appearance was made by Skinner, or on Skinner's behalf. That same day, the Court ordered Skinner to show cause no later than June 3, 2013, why his answer should not be stricken and default entered against him for his failure to participate in the filing of a joint report and for his failure to appear at the scheduling conference. Dkt. No. 23. Skinner filed no response to the order to show cause. Accordingly, on June 6, 2013, the Court struck Skinner's answer and ordered the Clerk to enter default against him. Dkt. No. 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

      On July 18, 2013, the Court ordered plaintiffs to show cause why their claims against Skinner should not be dismissed for failure to prosecute. Dkt. No. 26. Within the deadline set by that order to show cause, plaintiffs filed a motion for default judgment against Skinner. Dkt. No. 27. On September 9, 2013, the Court denied that motion, finding that (1) to the extent that plaintiffs were seeking to recover twice from the same injury, the doctrine of double recovery barred that attempt, and (2) to the extent plaintiffs sought to hold Skinner jointly and several liable as an alter ego of Skinnervision, Inc., the Court lacked evidence to support an alter ego finding. Dkt. No. 32. The Court granted plaintiffs additional time to "submit further documentation that Skinner is an alter ego or successor in liability" to Skinnervision, Inc. Id. at 2. On September 20, plaintiffs represented that they had domesticated the judgment against Skinnervision, Inc. in Florida and were pursuing discovery regarding the relationship between Skinner and the corporation, and requested more time to conduct such discovery. Dkt. No. 33. The Court granted that request, and eventually extended the deadline to submit alter ego evidence to July 2, 2015. Dkt. Nos. 35, 54, 65.

      Plaintiffs' retained counsel in Florida, Jonathan B. Alper ("Alper"), noticed depositions of Skinner and Skinnervision, Inc.'s president, Stacey Whittington ("Whittington"), for January 8, 2014; however, neither deponent appeared. Dkt. No. 66 Ex. A (Alper Aff.) ¶¶ 4–5. Alper filed a motion to compel Whittington's appearance at a deposition, and obtained a court order that Whittington appear and bring specified documents related to Skinnervision, Inc. on March 25, 2014. Id. ¶ 6. On March 25, 2014, Whittington appeared at the designated location without any of the requested documents and with Skinner, who insisted on observing the deposition over Alper's objection, and who on several occasions directed Whittington to answer questions in a certain way. See id. ¶ 8; see generally Whittington Dep., Mar. 25, 2014 (attached as Ex. B to Alper Aff.). Although he answered limited questions, Whittington (at Skinner's direction) requested that the deposition be postponed until he could be represented by counsel. Whittington Dep. 11:8-14. Pursuant to another court order, Whittington appeared at a second deposition on June 5, 2014, again without an attorney, and this time unaccompanied by Skinner. See Alper Aff. ¶ 16. Alper deposed Skinner on March 25, 2015. See generally Skinner Dep. Mar. 25, 2015 (Dkt. No. 66 Ex. E).

      On June 18, 2015, plaintiffs filed the instant motion to amend the judgment against Skinnervision, Inc. to add Skinner as a judgment debtor. Dkt. No. 66. That same day, copies of the motion and proposed amended judgment were mailed to Skinner at 7557 W.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

Sand Lake Road, Orlando FL 32819.[1] Dkt. No. 67. Skinner did not file an opposition. On July 20, 2015, the Court held a hearing on the matter, at which counsel for plaintiffs appeared but no defendant made an appearance. Having carefully considered the record, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The Ninth Circuit has interpreted this Rule as "empower[ing] federal courts to rely on state law to add judgment-debtors." In re Levander, 180 F.3d 1114, 1120–21 (9th Cir. 1999).

The applicable state law, section 187 of the California Code of Civil Procedure, permits the amendment of a judgment to add judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor, but only under circumstances that do not offend due process. See NEC Elecs. v. Hurt, 208 Cal. App. 3d 772, 778 (1989). As the NEC court explained:

> This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant. Such a procedure is an appropriate and complete method by which to bind new individual defendants where it can be demonstrated that in their capacity as alter ego of the corporation they in fact had control of the previous litigation, and thus were virtually represented in the lawsuit

Id. (citations omitted); see also Katzir's Floor & Home Design, Inc. v. M–MLS.com, 394 F.3d 1143, 1150 (9th Cir. 2004). Accordingly, California courts have adopted a two-part test to determine whether a defendant may be added after judgment is entered. Adding a new defendant "requires both (1) that the new party be the alter ego of the old party and

---

[1] In his deposition, Skinner described this address as his "principal address" and the only address he uses for mail. Skinner Dep. 5:11-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

(2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." Toho–Towa Co., Ltd. v. Morgan Creek Prods., Inc., 217 Cal. App. 4th 1096, 1106 (2013) (emphasis in original) (quoting Triplett v. Farmers Ins. Exch., 24 Cal. App. 4th 1415, 1421 (1994)); accord In re Levander, 180 F.3d at 1121. The applicable burden of proof is a preponderance of the evidence. Wollersheim v. Church of Scientology, 69 Cal. App. 4th 1012, 1014 (1999).

### III.  ANALYSIS

The Court addresses in turn each of the requirements described above for piercing the corporate veil to add a judgment debtor.

#### A.  Alter Ego

A "sparingly used" exception to the general principle that a corporation "is separate and distinct from its stockholders, officers, and directors, with separate and distinct liabilities and obligations," the alter ego doctrine "prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds." Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538, 539 (2000). "California recognizes alter ego liability where two conditions are met: First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice.' " In re Schwarzkopf, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting Wood v. Elling Corp., 20 Cal. 3d 353, 364 n.9 (1977)); see also Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 300 (1985). Both factors must be met to establish alter ego liability. Mesler, 39 Cal. 3d at 300.

"Whether a party is liable under an alter ego theory is a question of fact" that depends on the "circumstances of each particular case." Leek v. Cooper, 194 Cal. App. 4th 399, 418 (2011). Factors courts have found relevant to the identity of interest analysis include: (1) the commingling of assets; (2) the treatment by an individual of corporate assets as his own; (3) the failure to obtain authority to issue stock; (4) the holding out by an individual that he is personally liable for the corporation's debts; (5) the failure to maintain minutes or adequate corporate records, or the confusion of the records of separate entities; (6) an identity of equitable owners, directors, or officers of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

multiple entities; (7) the sole ownership of all stock by one individual or the members of a family; (8) the use of the same office or business location for multiple entities; (9) the employment of the same employees or attorneys; (10) undercapitalization; (11) the disregard of legal formalities; (12) the use of a corporation as a mere shell or conduit for a single venture or the business of an individual or other entity; and (13) the contracting with another with intent to avoid performance by use of a corporate entity to shield against personal liability. Assoc. Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 838–40 (1962) (collecting cases). Courts have found "inadequate capitalization, commingling of assets, [and] disregard of corporate formalities" to be especially "critical." Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1285 (1994). Even where there is a sufficient unity of interest, the alter ego doctrine cannot be invoked without evidence of misconduct or an injustice flowing from recognition of the separate corporate entity. Sonora Diamond Corp., 83 Cal. App. 4th at 530. Thus, the doctrine "does not guard every unsatisfied creditor but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." Id.

      Based on the evidence submitted by plaintiffs, the Court concludes that there is a clear unity of interest between Skinner and Skinnervision, Inc. that supports an alter ego finding. First, Skinner's deposition testimony reveals a near-complete disregard for corporate formalities. Most of the corporation's board members who Skinner could name were his own children, two of whom were still minors at the time of Skinner's 2015 deposition, and none of whom had any background in movies or fundraising. See Skinner Dep. 22:4-12, 63:1-12, 65:25–66:21. The company's president was a friend of Skinner's and a bail bondsman and private investigator by trade, whose only identified task as a Skinnervision, Inc. employee was performing due diligence on a single attorney, and who was not compensated. Whittington Dep. 4:17-21, 12:13–13:7, 19:10-16, June 5, 2014. Additionally, Skinnervision, Inc. (1) kept few or no corporate or financial records; (2) never made money; (3) never issued stock certificates; (4) never filed tax returns; (5) never filed annual reports in the state of its incorporation; (6) never paid annual corporate fees; (7) never had formal directors' meetings with minutes; and (8) never had formal employees who were compensated for their work. See Skinner Dep. 17:10–18:2, 18:13-17, 31:24–32:9, 41:18–42:9, 44:19–45:19. And although Skinner professed other purposes for the corporation, it appears that, with the exception of a short-lived "merchant account business" for which Skinner could provide few details, Skinnervision,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

Inc. was essentially a conduit for Skinner's attempts to fund "The Italy Boys"—attempts which Skinner appears to have continued despite describing Skinnervision, Inc. as "defunct." See id. 33:5–37:1, 60:6-9; Dkt. No. 66-2 ¶¶ 3–4. It is also clear that Skinnervision, Inc. was severely undercapitalized, as it entered into contracts committing it to pay approximately $12.9 million, but was never capitalized with more than $15,000 or $20,000, which by Skinner's admission is "nothing" in the entertainment business. Skinner Dep. 14:16-18, 24:16-18, 48:15–19:14. Moreover, it appears that there was no practical distinction between Skinnervision, Inc. and a limited liability company by the same name, id. 63:20–65:23, and Skinner was unable to produce any corporate documents requested by subpoena, id. 60:6-9.[2] The Court finds these facts adequate to support a finding that Skinnervision, Inc.'s separate personhood should not be recognized.

      The Court also agrees with plaintiffs that piercing the corporate veil is necessary to avoid an inequitable result because Skinner used Skinnervision, Inc. to perpetrate a fraud on creditors. Plaintiffs have submitted substantial evidence that Skinner's repeated representations that he could fund the film for as much as $12 million, and pay Gunther and Kennard $900,000 total and $9,000 per week, respectively, were knowingly false since Skinnervision, Inc. was never capitalized with more than $15,000 or $20,000, and since the purported third party source of the funds never put any money into the company. Moreover, evidence shows that Gunther and Kennard reasonably relied on Skinner's repeated representations, forgoing other employment opportunities. Accordingly, allowing Skinner to hide behind the corporate form would sanction a fraud. Additionally, there is evidence that Skinner himself viewed Skinnervision, Inc. as a sham that enabled him to avoid liability for the contracts at issue, as Roche declares that Skinner told him in September 2014: " 'The lawsuit is over. They are not getting anything from me or my family. They sued a defunct company. I am good at what I do,' " or "words to that effect." Dkt. No. 66 Ex. B ¶ 3. These facts, along with statements Skinner made in his deposition regarding the whereabouts of Skinnervision, Inc.'s records that are flatly contradicted by the person Skinner testified would have those

---

      [2]Skinner testified that all of the records were kept by an attorney named Doug Hampton. Skinner Dep. 17:16–18:2. In a declaration, Hampton denied having, presently or at any time in the past, any of the categories of records Skinner said Hampton would have possessed or received. Dkt. No. 66 Ex. F. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
|---|---|---|---|
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

records, see Dkt. No. 66 Ex. F. ¶ 3, constitute "conduct amounting to bad faith [that would] make[] it inequitable for the corporate owner to hide behind the corporate form." See Sonora Diamond Corp., 83 Cal. App. 4th at 530.

    **B.**    **Due Process**

"Due process requires that a party added to a judgment on alter ego grounds have had 'control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved.' " Bank of Montreal v. SK Foods, LLC, 476 B.R. 588, 601 (N.D. Cal. 2012) (quoting NEC Elecs., 208 Cal. App. 3d at 78–79). The purpose of this requirement "is to protect that party's due process rights." Katzir's Floor, 394 F. 3d at 1149. "Due process 'guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses.' " Id. at 1149–50 (quoting Motores De Mexicali v. Superior Court, 51 Cal. 2d 172, 176 (1958) (in bank)); see, e.g., Alexander v. Abbey of the Chimes, 104 Cal. App. 3d 39, 45–46 (1980) (approving amendment of judgment to add name of corporate judgment-debtor's sole stockholder, where that individual was fully apprised of litigation and participated in it as CEO of corporation).

The Court finds that Skinner—who was individually named in this lawsuit—had a full opportunity and incentives to defend the action, so that adding him to the judgment would not offend due process. Skinner, both in his individual capacity and as CEO of Skinnervision, Inc., was served with the summons and complaint in this action, and he chose to appear on behalf of himself (but not cause an attorney to appear on behalf of Skinnervision, Inc.) several months before plaintiffs filed the motion for default judgment that resulted in the judgment plaintiffs now seek to amend. Skinner then abandoned the litigation entirely, failing to respond to the Court's order to show cause or otherwise defend the lawsuit against him or his company, despite the fact that his naming as a defendant put him on notice that individual liability was a possibility. Under these circumstances, it cannot be said that Skinner did not "have the opportunity to be heard and to present his defenses." Motores De Mexicali v. Superior Court, 51 Cal. 2d at 176. See Mad Dogg Athletics, Inc. v. NYC Holding, 565 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008) (adding individual alter ego to default judgment against corporation; reasoning that because the individual "was properly served with the Initial Complaint and Motion for Entry of Default Judgment," he "received a full and fair opportunity to defend himself"); Gui v. Luminary Spa, Inc., No. A125428, 2010 WL 317889, at *1–4 (Cal. Ct. App. Jan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:12-cv-06867-CAS (Ex) | Date | July 20, 2015 |
| Title | OCEANS II, INC., ET AL. v. SKINNERVISION, INC., ET AL. | | |

27, 2010) (unpublished) (affirming amendment of default judgment to add corporation's sole shareholder who was also named in litigation, and who elected not to "retain counsel and avoid the default"); Shanghai Minguang Int'l Grp. Co. v. Yang, No. E044331, 2008 WL 4004697, at *5 (Cal. Ct. App. Aug. 29, 2008) (unpublished) (affirming addition to default judgment of individual who "made a strategic decision not to reinstate [suspended] corporations and present a defense").

## IV.   CONCLUSION

In accordance with the foregoing, the Court finds that Skinner may be properly added to the judgment against Skinnervision, Inc. as the alter ego of that corporation who had a full and fair opportunity to defend the instant litigation. Therefore, plaintiffs' motion to amend the judgment is **GRANTED**.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer |  | PG |  |